■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST BOWLES, Appellant.— REYNOLDS, J. Appeal from a judgment of the County Court, Albany County, convicting appellant of the crime of robbery, first degree. At approximately 2:00 A.M. on July 6, 1965, one Francis Vincent was assaulted and robbed as he left a bar in the vicinity of Green Street and Madison Avenue in the City of Albany. Despite the fact that his assailant possessed a razor, Vincent struggled with him and as both men fought for possession of Vincent's money the bills were torn in half, each man retaining one half of the bills. Later at a hospital Vincent told detectives what had happened, including the fact of the torn bills, and gave them a general description of the assailant. Investigation eventually put the detectives on appellant's trail and at about 4:45 A.M. they arrived at a house where they believed appellant might be staying. At this house they were admitted by the apparent owner and permitted to look for the appellant, who was discovered in a doorless back room in bed with a woman. Upon entering the room the detectives noted one half of a ten-dollar bill on the floor and additionally trousers and other clothing. One detective who knew the woman asked her where the money came from. She answered that there was more in appellant's pocket; whereupon the detective went through appellant's trousers and found a razor and the halves of several torn bills. Thereafter appellant was taken to the hospital where he was immediately identified by Vincent as his assailant. Appellant urges that the razor and bills, the halves of which matched those retained by the victim, were taken from his trousers by an illegal search and thus should have been suppressed at his trial. The general rule is that a search is lawfully conducted only when authorized by a " legal search warrant, by consent, or incident to a lawful arrest." (*People* v. *Loria*, 10 N Y 2d 368, 373.) Here admittedly there was no search warrant, and it is conceded that appellant was not then under arrest. The People contend, among other things, that he consented to the search but we can find nothing in the present record which in any way indicates that appellant so consented. However, in our opinion only a " frisk " and not a " search " was involved. Although the frisk does not permit the officer to conduct a " full-blown search " (*People* v. *Peters*, 18 N Y 2d 238), it does permit him to search a suspect whom he has detained for legitimate purposes to see if he possesses any concealed weapons. Unlike a search a frisk may be conducted without a warrant and need not be incident to an arrest (see *People* v. *Rivera*, 14 N Y 2d 441, cert. den. 379 U. S. 978). Here the detectives, based on the victim's identification and the torn money on the floor, had abundant cause to suspect that appellant was guilty of armed robbery and most importantly that he still might possess the razor with which he had slashed his victim. The detective testified that he went through the trousers to find the razor. Under the circumstances of this case and particularly since the officers planned to take him to the hospital for identification the search for the razor was legally conducted. (*People* v. *Taggart*, 20 N Y 2d 335, and cases cited therein; *People* v. *Pugach*, 15 N Y 2d

65, cert. den. 380 U. S. 936). It would have been perilous to permit the suspect to put his trousers on and thus permit him access to a dangerous weapon. Accordingly, we find the search was justified and reasonable and that the fruits thereof could be properly introduced into evidence. In view of this finding it is not necessary for us to decide the question of the timeliness of the motion to suppress under subdivision 1 of section 813-d of the Code of Criminal Procedure. Judgment affirmed. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum decision by Reynolds, J.